**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4534
_____

MING YU XU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087 633 094)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 20, 2012

Before: SLOVITER, GREENAWAY, JR., and COWEN, Circuit Judges

(Opinion filed: September 20, 2012)
_____

OPINION
_____

PER CURIAM

Ming Yu Xu, a citizen of the People's Republic of China, petitions for review of the

Board of Immigration Appeals' final order of removal.  For the reasons that follow, we will deny

the petition for review.

Xu entered the United States in June 2004. Her husband and son remain in China. In 2009, the Department of Homeland Security charged her with removability as an alien present in the United States without being admitted or paroled. Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. Xu applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). At a hearing before an Immigration Judge ("IJ"), Xu claimed that she converted to Christianity while in the United States and feared that she would be persecuted in China because of her religious beliefs.[1] The IJ denied relief, finding that Xu was not credible because of, inter alia, inconsistencies between her testimony, her written asylum application, and documentary evidence submitted in support of her applications. The BIA dismissed Xu's appeal, concluding that the adverse credibility determination was supported by substantial evidence. Xu filed a timely petition for review.

We have jurisdiction under INA § 242 [8 U.S.C. § 1252]. "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to

_____

[1] In her amended asylum application, Xu claimed that she underwent two forced abortions in 1996, and asserted that she went into hiding in 2004 after Chinese authorities detained and tortured her husband, who was suspected of smuggling North Koreans into China. We need not consider either of these claims in this petition for review. At the hearing before the IJ, Xu acknowledged through counsel that she was not seeking relief based on persecution under China's family planning policy. In addition, Xu did not challenge on appeal to the Board of Immigration Appeals ("BIA") the IJ's conclusion that she did not establish eligibility for relief based on her husband's assistance to North Korean refugees. See Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009) (holding that "we are without jurisdiction . . . to decide issues where the alien has failed to exhaust all available remedies.").

2

review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Our review of these decisions is for substantial evidence, considering whether they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009) (en banc) (internal citation omitted). We will uphold an adverse credibility determination under the substantial evidence standard "'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Lin v. Att'y Gen., 543 F.3d 114, 119 (3d Cir. 2008) (internal citation omitted). Because Xu filed her asylum applications after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations in asylum applications apply. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Under the REAL ID Act, an IJ may base a credibility determination on observations of the applicant's demeanor, candor, or responsiveness, the inherent plausibility of the applicant's story, the consistency of the applicant's statements, and any inaccuracies or falsehoods in such statements. See INA § 208(b)(1)(B)(iii) [8 U.S.C. § 1158(b)(1)(B)(iii)]; see also Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006).

After careful review of the record, we conclude that the adverse credibility determination is supported by substantial evidence. In particular, Xu testified that her husband telephoned her from China on December 26, 2008, explaining that he had spent several days in custody after being caught in an underground church with religious materials that Xu had sent to him. In a letter to Xu dated May 8, 2009, Xu's husband provided details of his arrest and detention, but did so in a manner that suggested that he had not previously spoken to Xu about the incident. Although Xu complains that the IJ "analyz[ed] the stylistic nuances" of the letter, it was

3

reasonable for the IJ to draw a negative inference based on this discrepancy. De Hincapie v. Gonzales, 494 F.3d 213, 219 (1st Cir. 2007) (stating that "[w]here the record supports plausible but conflicting inferences in an immigration case, the . . . choice between those inferences is, a fortiori, supported by substantial evidence."). In addition, although Xu testified that the police told her son in March 2009 that he could not attend school unless Xu surrendered, the letter from Xu's husband did not contain any mention of this salient incident. Finally, while the letter stated that it was written on the couple's fourteenth wedding anniversary, Xu's asylum application and marriage certificate indicated that she was married on March 18, 1994. The fourteen-year anniversary therefore would have occurred on March 18, 2008, not May 8, 2009, the date of the letter from Xu's husband. Based on these inconsistencies, we are not compelled to reverse the BIA's conclusion that the letter from Xu's husband undermined her credibility. See INA § 208(b)(1)(B)(iii) [8 U.S.C. § 1158(b)(1)(B)(iii)] (providing that credibility determinations may be based on, among other things, the consistency of an applicant's account with other evidence of record).

The BIA also properly concluded that Xu was not credible because of inconsistencies between her testimony, her asylum application, and a household registration document. That document was issued on August 28, 2007, when Xu had already been in the United States for approximately three years. Nevertheless, the registration document listed Xu as living at the same address as her family, and indicated that she moved to that address on the date that the registration was issued. Moreover, Xu failed to adequately explain why the Chinese government would issue a registration document containing her address at a time when authorities were

4

allegedly searching for her.  In addition, the household registration stated that Xu's husband worked in the security department of a post office.  But Xu testified that her husband stopped working at the post office in 1994, when he became a cab driver.  She later stated, however, that her husband was employed by the post office at the time of his arrest in 2004.  These inconsistencies provide substantial evidence in support of the adverse credibility determination.

In sum, we conclude that the adverse credibility finding was amply supported by the record.  Accordingly, Xu has not met her burden of proof for asylum and withholding of removal.  We agree with the Government that she has waived any challenge to the denial of protection under the CAT.  Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (holding that argument not raised in opening brief is waived).  For the above reasons, we will deny the petition for review.